Filed 4/8/14  P. v. Mims CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059264 |
| v. | (Super.Ct.Nos. RIF1201782 & RIF1101810) |
| CARLTON EUGENE MIMS, | |
| Defendant and Appellant. | OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Carlton Eugene Mims filed notices of appeal in two cases after he was sentenced to prison, following violations of probation in both cases.  We affirm.

1

## FACTS AND PROCEDURAL HISTORY

In case No. RIF1101810, the People filed a petition on March 18, 2011, to find defendant in violation of probation in five outstanding cases (case Nos. RIF147082, RIM511780, RIM515025, RIM515245, & SWM067237). The petition accused defendant of committing a burglary and grand theft in a Sears department store on March 16, 2011. After the petition was filed, defendant agreed to change his pleas with respect to the charges alleged in case No. RIF1101810. Those charges were: two counts of burglary (Pen. Code, § 459, counts 1, 3), two counts of petty theft from a merchant or library (Pen. Code, § 490.5, counts 2, 4), and one count of failure to appear or failure to pay an assessment or fine (Pen. Code, § 1214.1, subd. (a), count 5). Defendant agreed to plead guilty to counts 1 through 4. Defendant requested immediate sentencing. Defendant's maximum prison exposure on the admitted counts was three years eight months in custody. The court suspended the proceedings and admitted defendant to 36 months of supervised probation.

In case No. RIF1201782, the People filed a felony complaint on March 23, 2012, alleging one count of stalking of victim Jane Doe, one count of burglary, and a misdemeanor count of violating a protective order. At some point, fourth and fifth counts were added to the charges, including a violation of Penal Code section 594, subdivision (a) (vandalism, with damage greater than $5,000, count 4). In July 2012, defendant evidently agreed to plead guilty to the stalking and vandalism charges.

Sentencing proceedings were suspended and, defendant was admitted to formal probation for 36 months.

On May 14, 2013, the People filed a petition to find defendant in violation of probation in both case No. RIF1201782 and case No. RIF1101810. The petition was based on incidents occurring on May 9, 2013, when defendant allegedly stalked Jane Doe (Pen. Code, § 646.9, subd. (b)), committed an act of vandalism (Pen. Code, § 594, subd. (b)), and committed a domestic violence battery (Pen. Code, § 243, subd. (e)). At a violation of probation hearing, defendant admitted that he violated the terms of his probation.

In case No. RIF1101810, the court denied probation and sentenced defendant to state prison as follows: defendant was sentenced to the middle term of two years on count 1 (burglary), deemed the principal count. The court imposed the middle term of two years on count 3 (the second burglary offense), to run concurrently to the term on count 1. On counts 2 and 4 (petty theft from a merchant or library), the court imposed a county jail sentence of 180 days, with instructions that the county jail time could be served in any penal institution. The minutes indicate that defendant was to be released on parole, and he was ordered to report to the nearest adult parole office.

Defendant was sentenced in case No. RIF1201782 to the middle term of two years in state prison on count 4 (vandalism), which was deemed the principal count. On the stalking charge, count 1, defendant was sentenced to 180 days in the county jail, with credit for time served, and a notation that the sentence could be served in any penal

institution.  The sentence in case No. RIF1201782 would be served concurrently to any sentence in case No. RIF1304128.

Defendant's handwritten notice of appeal was filed on July 24, 2013.  Appointed counsel filed another notice of appeal on August 7, 2013.  The notice of appeal indicated that the appeal concerned sentencing or other matters not affecting the validity of the plea.

### ANALYSIS

With his notice(s) of appeal, defendant requested that counsel be appointed to represent him.  This court did appoint counsel to represent defendant on appeal.  Counsel has now filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief statement of the case (the facts of the underlying offenses are not described in the record), but presenting no arguable issues on appeal.  One potential issue—the calculation of defendant's custody credits—was addressed by a motion in the trial court. The court granted the motion on November 8, 2013, and ordered the abstracts of judgment amended to reflect the correct credits.  Otherwise, counsel has presented no arguable issues, and requests the court to conduct a review of the entire record.

Defendant has been offered an opportunity to file a personal supplemental brief, which he has not done.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the records in these two cases, and we have found no arguable issues.

4

## DISPOSITION

The judgments are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:


RAMIREZ

    P. J.


HOLLENHORST

    J.